SAMUEL SNOW *vs.* JOHN P. WINCHELL.

Cumberland.   Opinion February 16, 1883.

*Trespass.   Town treasurer's warrant against collector.   Liability of Treasurer.*

A certificate to a town treasurer by the assessors, that they have put into the hands of the collector a list of the assessments of a school district tax, "with a warrant in due form of law," justifies the treasurer in issuing a warrant of distress against the collector of taxes for a failure to collect such assessments and pay them into the treasury as required by law, whether the warrant from the assessors to the collector was in fact a good one or not. *Pearson* v. *Canney* 64 Maine, 188, distinguished.

ON REPORT.

Trespass.   Writ dated January 19, 1881.

Plea, general issue with brief statement.

The facts are sufficiently stated in the opinion.

*Henry Orr,* for the plaintiff.

With no regard to the plaintiff's requisition upon him to have recourse to what was due on account of the town tax toward the liquidation of the one in question, Winchell selected trespass to accomplish what he lawfully might have done by following the plaintiff's instructions.   *Orneville* v. *Pearson,* 61 Maine, 552; *Frankfort* v. *White,* 41 Maine, 537; *Smyth et. al.* v. *Titcomb,* 31 Maine, 272.   "Trespass lies against him who does the trespass and all aiding, for there is no accessory, but all are principals in trespass :—it lies against each severally, for it is joint and several in its nature;" Comyn's Digest, title Trespass, 392; Chitty Pl. 86, 95; Waterman on Trespass, § § 23, 24, 56; Burroughs on Taxation, 260; *Allen* v. *Archer,* 49 Maine, 346. We have therefore selected Mr. Winchell as the only mover in this trespass, and leave him to be fortified by school agents in such manner as they may choose to help him in his unlawful doings. *Gorham* v. *Hall,* 57 Maine, 58; *Pearson* v. *Canney,* 64 Maine, 188; Burroughs on Taxation, 264, 266, 267; R. S., c. 11, § 46; *Brunswick* v. *Snow,* 73 Maine, 177; *Adams* v. *McGlinchy,* 66 Maine, 474; 2 Greenl. Ev. § 302.

On the question of damages we ask leave to cite : Waterman on Trespass, § § 438, 445, 446, 509, 619, and note† at bottom of page 636, and § § 620, 621 and 624 ; *Hobart* v. *Hagget*, 12 Maine, 67 ; 6 Comyn's Digest, 395 ; *Woodbridge* v. *Connor*, 49 Maine, 353 ; *Bucknam* v. *Nash*, 12 Maine, 474.

We cite the foregoing authorities, because they exclude that doctrine which allows to trespassers a rebate in the form of what they realize as a fruit of their trespass, whether for themselves or others whom they may profess to serve ; also because it follows the christian command, " You must not rob Peter to pay Paul."

" Tax collectors have always been held to the same measure of liability as sheriffs and constables." As to what that liability is, we cite the following authorities. *Blanchard* v. *Dow*, 32 Maine, 557 ; *Ross* v. *Philbrick*, 39 Maine, 29 ; *Knight* v. *Herrin*, 48 Maine, 533 ; *Sawyer* v. *Wilson*, 61 Maine, 529 ; *Mussey* v. *Cahoon*, 34 Maine, 74 ; *Farnsworth Co.* v. *Rand*, 65 Maine, 19 ; *Hunnewell* v. *Hobart*, 42 Maine, 565 ; *Everett* v. *Herrin*, 48 Maine, 537 ; *Moore* v. *Pennell*, 52 Maine, 162 ; *Guptill* v. *Richardson*, 62 Maine, 257 ; *Carpenter* v. *Dresser*, 72 Maine, 377 ; *Wallis* v. *Truesdell*, 6 Pick. 455 ; ; *McGough* v. *Wellington*, 6 Allen, 505 ; *Brannin* v. *Johnson*, 19 Maine, 361 ; *Purrington* v. *Loring*, 7 Mass. 388 ; *Allen* v. *Hall*, 5 Met. 263.

*Weston Thompson*, for the defendant, cited : *Waldron* v. *Lee*, 5 Pick. 323 ; 55 Maine, 501 ; 6 Gray, 387 ; 13 Mass. 283 ; 40 Maine, 526 ; 7 Gray, 128 ; 99 Mass. 472 ; 62 Maine, 459 ; 19 Pick. 436 ; 113 Mass. 40 ; 20 Maine, 199 ; 1 Met. 328 ; 48 Maine, 386 ; 8 Met. 102 ; 17 Maine, 444 ; 5 Allen, 563 ; 61 Maine, 400 ; 21 Am. Dec. 181 and n., and numerous other authorities.

PETERS, J. The plaintiff was collector and the defendant treasurer of the town of Brunswick. Among the collections to be made by the plaintiff were the " village school district " taxes. The plaintiff had proceeded with the collection to some extent, but being remiss in collecting and paying into the treasury as required by law, the defendant, as treasurer of the town, issued his warrant of distress against him, directed to the sheriff. Upon

this warrant the sheriff seized and sold the plaintiff's goods. The plaintiff sues the defendant for the act of the sheriff. He alleges that the treasurer was a trespasser, because the assessors' warrant to himself as collector, authorizing the collection, was defective and insufficient. See *Brunswick* v. *Snow,* 73 Maine, 177.

The defense is, that the treasurer is not liable to the collector for issuing a warrant against him; that he was by law required to do so; that the certificate issued to him by the assessors, that they had issued to the collector a warrant in due form of law, justifies his act, whether the warrant is in fact a good one or not. We are of the opinion that the position taken by the defendant can be maintained.

By R. S., c. 6, § 94, assessors of towns are required to obey a warrant from the state treasurer, by assessing the state taxes, and committing the lists to a collector, with a warrant for their collection. By the same section, a form of certificate is provided for assessors to furnish to the state treasurer, in which they are to declare that they have assessed the polls and estates as directed, and have committed the bills, "with warrant in due form of law," to a collector for collection. This certificate is an official act, issued by sworn officers, who are presumed to properly perform their official duty. Upon the evidence furnished by this official return or certificate, the state treasurer is not only authorized, but he is compelled, to act. He must take it for granted that the certificate is true. By R. S., c. 6 § 123, he "*shall* issue a warrant of distress" against a collector who is negligent in paying into the public treasury the money required of him within the time limited by law. The assessors' certificate and this mandatory provision of the statute are of just as much authority to the state treasurer as any warrant from any court would be. It would be strange indeed, if a state treasurer must scan all the proceedings of town officers before he dares do the duties of his office, which the law in such plain terms imposes upon him. When a collector has accepted a warrant from the assessors and acted under it, a state treasurer has the right to assume, upon the strength of the certificate sent to him, that the warrant was rightfully issued and in lawful form. It would cripple the admin-

istration of the law and endanger the collection of the revenues of the state, if its treasurer may be liable as a trespasser for this performance of so plain a public duty.

By § 95, c. 6, R. S., warrants for the collection of county or town taxes are to be made out in the same tenor as warrants for the collection of state taxes, and, by implication, certificates of like tenor, *mutatis mutandis*, are required from the assessors to county and town treasurers. The same rule and reasoning, applicable to the collection of state taxes, apply as well to the collection of any and all other taxes. By R. S., c. 11, § 44, town assessors are to assess school district taxes, commit their collection to the town collector, and "give a certificate to the treasurer . . . as in the case of town taxes." Of course, the certificate, like all certificates from assessors to treasurers, are to be of the tenor of the example contained in § 94, c. 6, R. S., before cited. A certificate to the treasurer may be relied upon by him. It is his only means of official information. He cannot be responsible for the errors or mistakes of assessors. By R. S., c. 6, § 130, a town treasurer is compelled to issue his warrant against a collector for his delinquencies in not paying into the town treasury town and school district taxes. Precisely the same obligation in this respect rests upon him as upon a state or county treasurer.

In the certificate issued by the assessors to the defendant of the taxes in question, the assessors declare that they put into the hands of the collector a list of the assessments " with a warrant in due form of law." That certificate is the treasurer's justification. Standing upon that justification, his protection from any liability to the plaintiff is complete. *Pearson* v. *Canney*, 64 Maine, 188, relied upon by the plaintiff, does not decide to the contrary. The point taken here was not presented in that case by counsel nor considered by the court. The view we take in the present discussion is strongly supported by the remarks of Chief Justice PARKER in the case of *Waldron* v. *Lee*, 5 Pick. 323, cited and relied upon by the defendant, a case touching, as does the case at bar, the collection of school district taxes. In that case it is said: " The treasurer to whom the money is to be

paid over is required, if there be a failure, forthwith to issue his warrant of distress. This is prompt and summary, but it is essential to the well being of the community. If the subjects of this power suffer by the false return or certificate of the assessors they must seek redress by action. The wheels of government cannot be stopped to hear their complaints. The treasurer is merely a ministerial officer; he has no authority to pause in the execution of his duty on the suggestion of errors or mistakes in the proceedings. If the facts upon which he is to act are properly certified to him, he has no discretion, but is obliged to issue his warrant. Whether the tax be legal or illegal, whether duly assessed or not, are not subjects for him to inquire about. If there be a tax, an assessment, a warrant to the collector, *all certified to him by assessors duly qualified to act*, his duty is clear and he is peremptorily commanded by the law to discharge it." It is not amiss in this connection to quote a remark of REDFIELD, C. J., who in a case touching a similar question said : "Upon what rule of reciprocity, or courtesy, or justice, it was ever considered, that the judgments of courts of record were to be held exempt from all presumption of error, and that subordinate officers should be straightened up to a discipline before which no human sagacity is adequate to stand, I could never comprehend." *Stevens* v. *Kent*, 26 Vt. 503.

If a collector is threatened with injury from a treasurer's warrant of distress, he has his remedy by a petition in equity for a writ of injunction. He could have had a new or amended warrant, no doubt, in this case, had he wanted one. It is inferable, from the facts disclosed in this case, as is commonly the result in such cases, that neither assessors, collector, treasurer, or tax-payers knew that the assessors' warrant was defective, until the fact was set up by the collector in a suit against himself as a defaulter.

*Judgment for defendant.*

APPLETON, C. J., DANFORTH, VIRGIN and SYMONDS, JJ., concurred.

BARROWS, J., did not sit.